JOAN REAGAN v. WOOTEN & BOHANNON.

(No. 6845.)

APPEAL from Grayson County.  Opinion by WILLSON, J.

ZOLL J. WOODS and C. H. SMITH, counsel for appellant.

No counsel appeared for appellee.

§ **133.** *Liquor dealer's bond; suit on; service on dealer of notice not to sell; must be made by the delivery to him of the original or a copy of written notice.* This is a suit

brought by appellant, a married woman, against Wooten & Bohannon, liquor dealers, and the sureties upon their bond as liquor dealers, to recover $500 for a breach of said bond by selling intoxicating liquors to her husband, after she had notified them in writing not to do so. In her petition she alleges that through H. Chowning, deputy-sheriff of Grayson county, she notified appellees, Wooten & Bohannon, in writing, not to sell to her husband any intoxicating liquors, by said Chowning reading to said Wooten & Bohannon a written notice to that effect, signed by her. Appellees excepted specially to her petition upon the ground that it did not show that a written notice was delivered to said Wooten & Bohannon, and this exception was sustained by the court, and the suit was dismissed. The sufficiency of the service of said notice is the only question made in the record. We are of opinion that the special exception was properly sustained. It is true that the statute does not prescribe the mode of service of the notice. It simply requires that the liquor dealer shall be "notified in writing, through the sheriff or other peace officer." No statutory mode of the service being prescribed, the rule is that the service must be a personal one, and must be made by delivering to the person either the original notice or a copy thereof. Merely reading the notice to the person to be served therewith is not sufficient service. [Wade, Notice, §§ 1340, 1341.]

June 7, 1890.                                    Affirmed.